UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YOK

_____

ROBERT OSBORNE,

                Plaintiff,


v.　　　　　　　　　　　　　　　　　　　　　　　Civil Action No._____


MERCANTILE ADJUSTMENT BUREAU, LLC.,

                Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter referred to as "FDCPA").

### II.  JURISDICTION AND VENUE

2. Jurisdiction of the Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper is this District under 28 U.S.C. § 1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Robert Osborne, Plaintiff, is a natural person residing in the County of Cattaraugus and State of New York and is a "consumer" as that term is defined by 15 U.S.C § 1692a(3).

5. Defendant, Mercantile Adjustment Bureau, LLC, is a New York State domestic limited liability company, and is a debt collector as defined by 15 U.S.C. § 1692a(6). The New York State Department of State indicates a registered address for service of process at Mercantile Adjustment Bureau, LLC, 6390 Main Street, Williamsville, New York 14221.

6. Defendant regularly attempts to collect debt alleged to be due to another.

7. The acts of the Defendant alleged in this Complaint were performed by its employees acting within the scope of the actual or apparent authority.

8. All references to "Defendant" shall mean the Defendant or an employee of the Defendant.

### IV. FACTUAL ALLEGATIONS

9. The Plaintiff incurred a consumer debt to in connection with a bill for a hospital visit to Olean General Hospital in Olean, New York on or about October 25, 2009.

10. That the subject debt is a "debt" in accordance with 15 USC 1692a(5), as it arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

11. That on or about July 26, 2011, the Defendant began efforts to collect on the aforementioned debt that was alleged to be owed to Exigence Medical of Olean, PLLC.

12. That the Defendant sent a collection letter dated July 26, 2011 to the Plaintiff, whereby the Defendant indicated that the Plaintiff owed a debt in the amount of $686.00.

13. The original bill for the hospital services was, in fact, $686.00. The hospital visit was the result of a car accident. Due to the nature of the car accident, the hospital bill was paid by the insured's no-fault insurance carrier, Allstate.

14. Check number 611412887 was issued by Allstate to Exigence Medical of Olean, PLLC on February 23, 2010. The check was cashed on March 2, 2010.

15. The check, in the amount of $193.14, represented payment in full of the underlying debt. The check amount was based upon the New York State fee schedule for no-fault insurance. The cashing of the check by Exigence represented acceptance of the fee calculation. It is standard industry practice that the patient is not responsible for any amount over and above what is covered by no-fault insurance.

16. Accordingly, as of March 2, 2010, there was no debt owed to Exigence Medical of Olean, PLLC.

17. The Defendant's July 26, 2011 collection letter represented an attempt to collect on a debt that was not owed. At the very least, the collection effort was an attempt to collect an amount that far exceeded the amount that arguably could have been claimed to be owed.

18. The approximate six telephone calls to the Plaintiff that followed the July 26, 2011 represented six additional attempts to collect on a debt that was not owed or, at the very least, an attempt to collect far more than what was actually owed.

19. That on August 23, 2011, the Plaintiff's Attorney's office left a voicemail message for the Defendant indicating that the Plaintiff was represented by counsel, that no debt was owing due to payment in full, and that any questions should be directed to Plaintiff's counsel. The telephone message was left on the voicemail of "Tammy Bell," whose

contact information was left on the answering machine of the Plaintiff during the Defendant's telephonic collection efforts.

20. Notwithstanding the Defendant's knowledge of the fact that Plaintiff was represented by counsel, the Defendant continued to contact the Plaintiff directly.

## CAUSE OF ACTION

21. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 20 above.

22. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the subject debt;

23. Defendant violated 15 U.S.C. § 1692c(a)(2) by contacting the Plaintiff notwithstanding the fact that it knew the Plaintiff was represented by an attorney with respect to such debt.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. § 1692k;

(c) Cost, disbursements, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

(d) For such other and further relief as may be just and proper.

## V.  JURY DEMANDED

Please take notice that Plaintiff demands trial by jury in this action.

Dated:  September 14, 2011

                                                s/ Brad J. Davidzik
                                                Brad J. Davidzik, Esq.
                                                Attorney for Plaintiff
                                                Jeffrey Freedman Attorneys at Law
                                                424 Main Street, Suite 622
                                                Buffalo, New York 14202
                                                (716) 856-7091
                                                Email: bdavidzik@jeffreyfreedman.com